UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Laura Guthrie and Leonard Roy, on behalf of Gina Roy,

Plaintiffs,

vs.

MINUTE ORDER

Circle of Life School,

Defendant.

Civ. No. 00-1869 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 23rd day of October, 2000.

* * *

On October 19, 2000, the Court heard argument on the Plaintiffs' Motion to Intervene. At the time of the Hearing, the Plaintiffs appeared pro se, and the Defendant appeared by Zenas Baer, Esq. For reasons expressed at the close of the Hearing, the Plaintiffs' Motion to Intervene is denied.

As we stated at the time of the Hearing, because this Motion involves a request for leave to intervene in an action in which the proposed intervenors already serve as the named Plaintiffs, their intervention would be a futile act, as it would add nothing to their current legal capacity to advance their own interests. The Plaintiffs, Laura Guthrie ("Guthrie") and Leonard Roy ("Roy"), are the parents of Gina Roy, who attended the Circle of Life School,

FILED OCT 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

beginning in January of 1997, and who suffers from certain disabilities which appear to have impaired her capacity to learn. In their Amended Complaint, the Plaintiffs allege that, while Gina Roy was enrolled with the Defendant, a dispute arose as to the educational services then being provided to her. Eventually, the Plaintiffs requested the conduct of a Due Process Hearing before the Bureau of Indian Affairs ("BIA"). Following the Hearing, an Administrative Law Judge determined that the Defendant's educational program for Gina Roy was inappropriate, on both substantive and procedural grounds, and concluded that the Defendant had failed to provide Gina Roy with a free appropriate public education.

Thereafter, on August 7, 2000, the Plaintiffs filed a Complaint in this Court, which seeks to recover approximately $22,000 in attorneys fees and costs, that were assertedly incurred in connection with the due process proceedings before the BIA. In addition, the Plaintiffs seek attorneys fees and costs for the time expended in prosecuting this action. Their Complaint was filed by their attorney of Record -- Ms. Sonja D. Kerr -- who continues to represent their interests in this proceeding, but who neither appeared at the Hearing, nor otherwise responded to the Plaintiffs' Motion. We find Ms. Kerr's silence quizzical, at best. According to the Plaintiffs, Ms. Kerr had written them in order to advise that she would not be continuing to represent their interests but,

apparently, after further communications, the Plaintiffs had misunderstood the import of Ms. Kerr's comments, as Ms. Kerr had apparently informed the Plaintiffs that she would not be seeking to withdraw from their representation.

While appearing pro se, the Plaintiffs prepared their Motion to Intervene with the assistance of Edward M. Peterson, Esq., but he has not otherwise appeared in this action. Unfortunately, through the efforts of Mr. Peterson, and Ms. Kerr, the Plaintiffs have been caused to incur both additional expense, and needless concern, because their legal counsel have failed to adequately communicate with one another. As officers of this Court -- which both Ms. Kerr and Mr Peterson are -- we expect a higher level of professionalism than has here been displayed. For Ms. Kerr to ignore a Motion which, if granted, could unnecessarily complicate a rather straightforward cause of action is inexplicable. By every appearance, the Plaintiffs' Motion to Intervene was their effort to contest Ms. Kerr's entitlement to fees, or the amount of those fees -- interests which would directly conflict with those of Ms. Kerr. Nonetheless, Ms. Kerr appears to have been content in allowing the Motion to proceed before this Court without any comment from her.

As for Mr. Peterson, one would have thought that, once he and the Plaintiffs had conferred with Ms. Kerr, and had determined that Ms. Kerr was not withdrawing as the Plaintiffs' legal counsel, he

would have advised the Court, or counseled the Plaintiffs to advise the Court, that their Motion was unnecessary. Rather, he traveled with the Plaintiffs, a substantial distance to the Hearing, and assisted them in advancing a Motion which had no conceivable merit. By these actions of counsel -- affirmative on Mr. Peterson's part, and passive on the part of Ms. Kerr -- the scarce resources of this Court were unnecessarily expended on a Motion which was wholly frivolous.

The Court is not powerless to respond when the actions, or inaction, of counsel unnecessarily complicate litigation, or needlessly draw upon the Court's time. We caution counsel that their conduct in this case should not be replicated, or we will take prompt remedial action. See, e.g., Title 28 U.S.C. §1927 ("Any attorney * * * who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). If Ms. Kerr does not wish to participate in this action, she should promptly seek to withdraw as the Plaintiffs' counsel, in accordance with our Local Rules, and, if Mr. Peterson wishes to participate in these proceedings, as actively as he has to date, he should promptly make his appearance, in accordance with our Local Rules. We will not further tolerate his *de facto* representation of the Plaintiffs when

his acts impermissibly confound an action before this Court in which he has made no appearance.

As we stated at the time of the Hearing, since the Plaintiffs already appear in this action, and have full standing to support or contest the request for attorneys' fees, their Motion to Intervene is without any merit, and must be denied as frivolous. Should their concern, that Ms. Kerr will abandon their claim for attorneys fees materialize, she can only do so with the substitution of counsel, or with Court leave. See, D. Minn. LR83.7. Accordingly, we deny the Motion to Intervene, but without prejudice to its renewal upon a showing of proper cause.

NOW, THEREFORE, It is --

ORDERED:

That the Plaintiffs Motion to Intervene [Docket No. 4] is DENIED.

BY THE COURT

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE